# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 30, 2009

Charles R. Fulbruge III
Clerk

No. 07-60943
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JIMMY DOUG SHELTON

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:05-CV-30
USDC No. 1:00-CR-127-1

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jimmy Doug Shelton pled to tax fraud largely because of evidence obtained from the marital home and delivered to authorities by his estranged wife Cheryl. She no longer lived in the residence but retained access to it with Jimmy's knowledge and acquiescence.[1] Shelton conditioned his guilty plea on a reserved

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The facts concerning Cheryl's conduct, which are not in dispute, are provided in our opinion on direct appeal. *See U.S. v. Shelton*, 337 F. 3d 529, 530-

right to appeal the district court's denial of his motion to suppress the evidence that she removed from the marital residence and given to law enforcement officials. When Shelton appealed, we affirmed the district court's denial of the motion to suppress on the grounds that Cheryl had "common authority to consent to the government's search, i.e., to remove the bingo operation materials from Shelton's house and deliver them to the government."[2] Apparently, all but two notebook pages out of all these materials were copied or photographed and were returned; the two pages were apparently retained by the government.

Shelton now essentially argues that the two pages where he kept records of his illegal activity were permanently "seized" contrary to the Fourth Amendment, and that the "intellectual property" of the rest of the papers was also unconstitutionally seized. This 28 U.S.C. § 2255 motion argues that counsel at the trial and appellate levels provided ineffective assistance by failing to challenge this "permanent seizure" of the evidence that was removed from his home by Cheryl. The district court denied relief, holding that the seizure was reasonable based on similar grounds that the search was reasonable. Nevertheless, the district court granted a certificate of appealability as to "[w]hether . . . the *seizure* of evidence . . . violated the Fourth Amendment prohibition against unreasonable searches and seizures."

Shelton contends that the government's permanent seizure of the evidence removed from his home by Cheryl was unconstitutional and thus counsel performed ineffectively by challenging only the *search*. He contends that no exception to the warrant requirement applies for this seizure and that the nature of the evidence precludes application of the plain view doctrine; he argues that even if a *temporary* seizure of the property was constitutional—which our

31 (5th Cir. 2003).

[2] *Shelton*, 337 F. 3d at 538.

decision on direct appeal has already settled[3]—the *permanent* seizure without a warrant was unconstitutional and if properly raised would have led to suppression at trial.

Shelton's ineffective assistance arguments regarding trial and appellate counsel are governed by *Strickland*.[4] Shelton must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.[5] This he does not and clearly cannot do. Even assuming that the seizure has not already been fully litigated (search and seizure inquiries are often collapsed in cases where the analytical distinction is immaterial), and even assuming the evidence could only be *temporarily* and not *permanently* seized by the government in this case without a warrant—i.e., that Cheryl could not consent to *permanent* seizure even though we have held she could certainly consent to temporary seizure—Shelton cannot show that the permanent as opposed to the temporary seizure caused any conceivable prejudice to his criminal case. The notion that the evidence would have been suppressed is fanciful. Our previous opinion made clear that the search for and the temporary seizure of the documents was legal; that is, the government could lawfully read and use these documents for its investigative and prosecutorial purposes, which surely includes photocopying them. No "intellectual property" interest could be thereby infringed—the government did not debase the value of any intellectual property in these documents. As to the two notebook pages, absent unusual circumstances, evidence against a defendant lawfully obtained by the

---

[3] It might well settle the permanent seizure issue, too. It concluded: "[T]oday we hold that Cheryl possessed common authority to consent to the government's search, i.e., to remove the bingo operation materials from Shelton's house and deliver them to the government . . . ." *Id.* at 538.

[4] *Blanton v. Quarterman*, 543 F.3d 230, 235 (5th Cir. 2008).

[5] *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

3

government can be lawfully retained for a criminal prosecution.[6] Retaining documents tending to demonstrate Shelton's guilt was not an unreasonable seizure by the government. Trial or appellate counsel urging Shelton's preservation of some underlying ownership in the relevant papers would not have had any effect on his conviction.

We AFFIRM.

---

[6] The facts of countless cases establish this proposition. *See, e.g., U.S. v. Smith*, 930 F.2d 1081, 1084 (5th Cir. 1991) ("An officer obtained Shyane Smith's written consent to search the premises. Pursuant to this search, the officers seized a file containing various papers, including telephone bills for March and April at that address bearing the defendant's name. The officers also seized sexually explicit photos of the defendant.").